White, J.
I. The plaintiffs seek to recover for a tort arising from the conversion of the property in controversy; and, in order to establish their title to such property, as against the defendants Whitaker and Phillips, rely upon the chattel mortgage. In order to ascertain the relation in which Whitaker and Phillips stand to this mortgage, it is proper, in the first place,- to determine whether they had notice of its existence at the time they received their real estate mortgage. The issue, upon this question of notice, has been twice found in favor of the defendants, by the court of common pleas, and this finding we are now asked to review, on the ground that it is against the evidence. On this point, we only deem it necessary to state, that the testimony in the court below was conflicting; and while, as original triers of fact, we would have been inclined to find differently, yet we can not say that the finding is so manifestly wrong as to warrant this court in reversing the judgment on this ground.
II. The next question is whether as .between Earley & Ketcham, the mortgagors, and Whitaker and Phillips, the mortgagees, in the real estate mortgage, the property in controversy, became a part of the freehold ? We are of opinion that it did. A discussion of the general principles to be regarded in determining when additions of personal property *452 become a part of the realty, is here deemed unnecessary. The only difficulty arises in the application of these principles to the solution of particular controversies as they arise; and whether an article has been annexed to the realty so as to become a permanent accession to it, must, in a great degree, be determined by the circumstances of each particular case.
Farley & Ketcham who made the annexations in the present case, were the owners of the fee; and the question we are now considering arises between them, as mortgagors, and their mortgagees, Whitaker and Phillips, who, for the purposes of their security, are to be regarded as purchasers.
The building was erected for a saw-mill, and, in the form and nature oí its structure, was adapted to the business of a mill of that description. The boilers and engines were the only motive power, and were designed so to be when the mill was built. They performed the office of a wheel and waterpower, and their adaptation to the structure and the uses for which it was designed, as well as the mode of their annexation, show that they werp intended to be permanent. They could not be removed without leaving the saw-mill incomplete. The building, itself, for any other purpose, would, without material alterations and additions, be comparatively of little value. The shafting, drum, balance-wheel, gearing for the upright saw, and the muley saw and gearing,' though differing from the boilers and engines in the mode of annexation, yet are to be regarded as fixtures.
The mode of annexation, alone, does not determine the character of the property annexed; but the appropriateness of the articles named to the mill, and their necessity to its completeness, are also to be looked to.
III. The remaining question is, whether the chattel mortgage to the plaintiffs, as against the real estate mortgagees, deprives the property in controversy of the character of fixtures? The plaintiffs claim that this is the effect of the chattel mortgage; and that they have the same right to recover the property from the mortgagees (Whitaker and Phillips), without notice, as they would have had against *453 Earley & Ketcham, if the real estate mortgage had not been given.
It is not necessary to inquire what, as against mortgagees without notice, would have been the right's of a party, other than the owner of the freehold, who might have placed, in the same manner upon the premises, the property in question, under some agreement with the owner, for a temporary purpose, and with the right of removal; nor as to what would have been the effect, if the property had been annexed by the tortious act of Farley & Ketcham. The facts in this case raise neither of these questions, and we forbear entering into an examination of the authorities cited bearing upon them. Here it was not only the intention of Earley & Ketcham to annex the property to, and make it a part of, the freehold, but their so doing was according to the understanding of the parties when the mortgage to the plaintiffs was executed. In the mortgage it said the boilers are “ designed to be used in their (F. & K’s) saw-mill,” and power is given the plaintiffs on default of payment, “to take possession thereof (mortgaged property) whether the same shall be attached to the freehold and in law become a part of the realty or not.” The right1 given to the plaintiffs, by the mortgage, to enter upon the premises and sever the property would, doubtless, have been effectual as between the parties. But the defendants were purchasers without notice of this agreement. The filing of chattel mortgages, is made constructive notice, only, of incumbrances upon goods and chattels. The defendants purchased, and took a conveyance of real estate, of which the property now in question was, in law, a part; and, in our opinion, it devolved upon the plaintiffs who sought to change the legal character of the property, and create incumbrances upon it, either to pursue the mode prescribed by law for incumbering the kind of escate to which it appeared to the world to belong, and for giving notice of such incumbrance, or, otherwise, take the risk of its loss in case it should be sold and conveyed as part of the real estate to a purchaser without notice. It is true that in the case of Ford v. Cobb (20 N. Y. Rep. 344), it was held *454 that an agreement which was evidenced by a chattel mortgage was effectual against a subsequent purchaser of the land, without notice. But it seems to us to be the sounder rule, and more in accordance with principle, and the policy of our recording laws, to require actual severance, or notice of a binding agreement to sever, to deprive the purchaser of the right to fixtures or appurtenances to the freehold. Fortman v. Goepper, 14 Ohio St. Rep. 565; 2 Smith’s L. C. 259; Fryatt v. Sullivan Co., 5 Hill, 116 ; Richardson v. Copeland, 6 Gray, 536; Frankland et al. v. Moulton et at., 5 Wisconsin Rep. 1.
In the case last named, the owner of a steam engine, sold and assisted to annex the same to the realty, reserving a chattel mortgage on the same for a part of the purchase money; and it was held that the chattel mortgage was inoperative as against a prior mortgagee of the real estate. The mode of annexation was very similar to that existing in the case under consideration; and the holding that the chattel mortgage was inoperative as against a prior mortgagee of the real estate, as was likewise done in Copeland v Richardson, supra, restricts the operation of agreements to sever what would otherwise be regarded as fixtures, more than is required to be done for the decision we make, in the present case. Whether the restriction upon the right of removal, that was applied in these cases, can be properly applied in favor of a mortgagee of the real estate, claiming the property added to the premises after his mortgage, as fixtures, and against a party claiming the same property as personal chattels under a chattel mortgage from the owner, when the removal would leave the realty claimed by the mortgagee as a security, in as good plight as when his mortgage was taken, it is unnecessary now to inquire ; and, upon this question, we express no opinion.
The judgment of the district court will be affirmed.
Brinkerhoee, C.J., and Scott, Day, and Welch, JJ., con curred.